Peck, J.
delivered the opinion of the court, in this case the materia] points insisted on, are: first, that the suit should have been instituted against Wetherspoon and Shute jointly; secondly, that the suit, in which the plaintiff was a witness., should have been determined, before he sued for his attend-anee. The circuit court charged the jury, that the law, on both these points, was with the plaintiff; and he recovered •a verdict accordingly.
This case, (though the sum in dispute is small,) is considered of much importance, as it is designed to settle a practice thought to be doubtful, viz: whether the witness can .sue the party who summoned him on his certificate, before the suit, in which he was summoned as a witness, is determined, he living in the same county, in which the suit was instituted? All agree, that the suit could be maintained under the act of 1812, ch. 3, had the witness resided in any other county.
First — as to the non-joinder, complained of in this action, it is matter that should have been moved in abatement before the justice who tried the warrant, (1 Saunders 154, note 1, 291 B,note 4; 5 Term Rep. 651; 1 East 20; Stephens vs. Henderson, sup. co. Knoxville, before judges H. L. White and Overton.) Though aside from any plea in abatement, all joint contracts, by the law of this state, being joint and several, the action was well brought.
The other question presents more difficulty. By the statute of 5 Elizabeth, ch. 9, sec. 12, in civil proceedings, a witness is not bound to attend, or give his evidence, until his expenses were tendered him. (1 Phil. Ev. 9; Swift’s Ev. 105; 2 Bacon 594.)
By our act of 1777, ch. 2, sec. 45, it is provided, “that for every mile any witness shall travel, going to, or returning from the circuit court, to which he is summoned, there shall *41 tie paid him, by the party at whose instance the subpoena issued, two pence half penny per mile, together with necessary ferriages, and six shillings per day for every day he shall attend, until he has given his testimony and is discharged.”
The act of 1783, ch. 11, sec. 4, alters the compensation to eight shillings per day, to he paid by the party cast, and inserted in the bill of costs: provided that the party cast shall not be compelled to pay for more than two witnesses to any one fact, and the witness, on oath, to prove his attendance, &c.
The act of 1794, ch. 1, sec. 35, alters the compensation to one dollar per day, while attending any of the superior courts, and fifty cents per day while attending the county court; but it is silent-as to the time when the same shall be paid, or who shall pay it. A previous section 33, providing for the attendance of witnesses in state cases, does not mention any compensation to be paid to them.
The act of 1812, ch. 3, provides for the payment of one dollar per day,, to him who shall attend from another county;, and that it shall be paid by the party summoning.
The 74th section of the act of 1794, ch. 1, provides, that the party, in whose favour judgment is given, or in case of nonsuit, dismission, or discontinuance, the defendant shall be allowed full costs, unless where otherwise directed by law.
Under these acts, the practice having been variant, in different parts of the state, it becomes important to fix their, construction. The 45th section of the act of 1777, ch. 2, in-express words gives the remedy against the party summoning. The witness need not, under that act, wait until the suit is determined; but, from time to time, as he attends, may demand and receive his compensation. Such has been the understanding of the act', and the practice under it in North Carolina.
The act of 1812, ch. 3, is in exact accordance with that of 1777, except as to increase of compensation. We have here the two extremes in point of time. Is there any expression in the intermediate acts, that compel us to give a *42 different construction? They are all upon the same sub-» and must he construed together. The a'ctof 1734, it is true,'is silent as to the time of payment, or the person who shall pay; and it is insisted, that the.7ith section, giving full costs to the successful party, produces the alteration contended for. We think not. So far as this section relates to the attendance of witnesses, the act only means, that the successful party shall recover back what he may have paid — and the same may be said of the act of 1783. Prior to the act of 1783, it was doubtful, whether the successful party could recover for the attendance of his witnesses— that doubt was removed by the act of 1783.
It is said in argument, that until the suit is ended, the witness has not performed his services; and, therefore, he ought not to divide his demand, which should be entire, into many parts. ■ The answer is, he has performed his part, when he has attended any one day — for by the day his compensation is counted. He has nothing to do with hastening the progress of the suit, and should not be prejudiced by the delay of another.
Again, it is argued it will produce tampering with witnesses — that they will be influenced to sue, for the purpose of embarrassing suitors, and that men will have to abandon honest claims in consequence of it. This may sometimes happen — it is a probable case; and being drawn from inconvenience alone, ought not, of itself, to control construction, otherwise thought to be sound. It is some answer to the objection to say, that too often the witness comes with feelings favourable to him who calls him; — a cause calculated to lessen this feeling, may more effectually promote the attainment of justice.
■ A witness is compelled to attend, or incur heavy penalties — his necessities must be considered — it is no fault of his that the suit is instituted, or that it is delayed. The law supposes that every suit will be ended at the term to which the witness is summoned; and to give him his compensation at the end of every term, is not unreasonable. He is delayed and prevented from attending to his own business; and where he lives any distance from where the court is *43 holden, attends at a considerable expense. Every construction, consistent with his claims, should, in our opinion, he given — it will hasten suitors, and the termination of law-iuits — lessen demands which must ultimately fall upon one or the other of the parties to the suit; and finally, we think, it a feeble argument to urge every intendment against him, who, contributing services demanded of him, loses his own time, exhausts his own resourses, and yet shall be postponed his remuneration, until two in conflict, shall, first, in the county court, second in the circuit court, and thirdly in the supreme court, come to a final close of a contest, with which he has nothing to do, but to relate his knowledge of facts.
Judgment affirmed.